On March 26, 1936, while the plaintiff was about to descend an outside stairway leading to the street from the building known as 237 Buckingham Street, Hartford, she fell and was injured. The stairway consisted of four risers and three treads, not including the top landing. It is in excellent condition and, under ordinary circumstances, needs no railing for safety. There is no statutory duty upon the owner of the building to illuminate it and, when the street lights are on, there is adequate light. There is a street light directly across the street, and two more a short distance to the east and west. On the night in question all of the lights in the vicinity of Hartford were out due to the failure of power on account of the flood. The plaintiff, before coming to this stairway, had descended two flights of stairs in the interior of the building which were dimly illuminated by candle light. She made her way safely down these stairways by holding the railing and descending very carefully. When she reached the edge of the landing, she felt carefully for a step but, due to the darkness, missed it and fell to the bottom step.
The question for the Court to determine is whether the failure of the defendant to substitute some light for that usually provided by the street light was negligence.
The plaintiff is a resident of Fall River. She had been visiting her daughter for about five or six days, during all of which time the flood was in progress in the vicinity of Hartford and the electric power had failed, both of which facts were known to her. She had on one or two occasions, during her visit, descended this stairway safely. The emergency was an unusual and unprecedented one, and known to *Page 338 
her. It seems to the Court, therefore, that it would be placing an unreasonable burden upon property owners to provide illumination usually supplied by street lights, which failed through no fault of their own. Though the plaintiff was careful in descending the stairway, there might well be a question as to whether prevailing conditions and due care on her part did not require the use of a flashlight or some other temporary means of illumination that so many people around Hartford were using during that period; or perhaps it would have been wiser for her to wait at the top of the stairway until her daughter reached her to assist her in descending. While I do not hold that the plaintiff should have done these things, I merely refer to them to bring out the fact that under the conditions as they existed on the night of the accident, the usual and normal standards of care required of either party cannot be applied. With darkness prevailing throughout the city, there was more than the usual duty upon persons using sidewalks, highways and stairways to safeguard themselves against the hazards brought about by the unfortunate emergency.
In considering this case, I have carefully analyzed the arguments of plaintiff's counsel to determine in my own mind whether the defendant had failed in its common law duty to make the stairway safe. I cannot, however, say that it did, under the circumstances.
 The issues are found and judgment may be entered for the defendant.